### NEWWITTER v. MANSELL et al.

*(Supreme Court, General Term, First Department. May 15, 1891.)*

ATTACHMENT—AFFIDAVIT.

 An affidavit for an attachment made by plaintiff, on information derived from a third person, alleged that defendants were about to dispose of their property to defraud their creditors, and assigned as facts to prove such allegation that a note for $300 made by defendants had gone to protest; that they were being sued on another note for $750; that they had transferred some of their property in payment of debts; and that they were about to make an assignment of all their property to defraud their creditors. *Held*, that the affidavit was insufficient.

Appeal from special term, New York county.

Action by Julius Newwitter against Maurice Mansell and Andrew Blume. An attachment theretofore granted was vacated, and plaintiff appeals.

Argued before VAN BRUNT, P. J., and DANIELS, J.

*Gantor & Van Schaick,* for appellant. *Nathan Bijur,* for respondents.

DANIELS, J. In support of the right to the attachment, it was stated that the defendants, who were partners, were about to dispose of their property in this state, to defraud their creditors, and that the defendant Blume resided in Boston, Massachusetts. The facts assigned, by way of proof that the defendants were about to dispose of their property to defraud their cred-

itors, were that a note made by them for $300 had gone to protest; that they were sued by a Boston firm on another note for $750; that they had transferred some of their goods to different parties to liquidate their accounts, and were about to make an assignment of all their property to defraud their creditors. These facts, as they have been mentioned in the affidavit, were not inconsistent with an entire absence of all fraudulent design on the part of the defendants; for they did not prove that the goods transferred exceeded the one-third which they could make by way of preferences, or that the note was not for a fair and honest debt, or any fact or circumstance indicating that a fraudulent assignment was intended to be made; and a mere general charge, without some foundation for it by way of circumstances, will not prove the existence of a fraudulent intention. These statements, too, infirm as they clearly are, were based upon no knowledge of the person making them; for it appears by his affidavit that they were made on information derived from Nathan J. Newwitter, who, if he had actual knowledge of them, should have been the person to make the affidavit. What he did was to make a further affidavit, containing a general affirmation that what the other affiant had declared upon the information was true of his own personal knowledge derived from conversations with Mansell, one of the defendants, and with the clerks and employes of the defendants, whose names he did not know. What part of the information came from Mansell, and what part from the clerks and employes, the affidavit does not state. It is entirely consistent with it that all except the protesting of the $300 note, or the suit on the $750 note, came from them, which would not support an attachment against the property of the defendant. If they or either of them had made statements disclosing the alleged fraudulent intention, those statements should have been set forth, so that it could be seen that the inference of fraud was reasonably sustained. That was neither done nor attempted, but, in place of it, the general conclusion which had been drawn from the conversations was all that was set out, and that furnished no legal ground for the attachment. It has been objected that these defects in the affidavits did not require the attachment to be wholly vacated, for the reason that it was stated that the defendant Blume was not a resident of this state. But the fact of his residence in Boston was not otherwise proved than by the conversations mentioned in the affidavit of Nathan J. Newwitter. Julius Newwitter stated it on information received from Nathan, and Nathan affirmed it from conversations with Mansell and the clerks and employes of the defendants. Whether it was Mansell, or one or more of the clerks or employes, who stated that Blume resided in Boston, was not disclosed; and the failure to show that the information came from a responsible source, for which Blume could be made liable to an attachment, left the fact of his residence out of the state unproved. Upon this as well as the other ground the attachment was deprived of support, and the order vacating it should be affirmed, with $10 costs and the disbursements.